Matthews, J.
This action comes before the court upon the defendant’s general demurrer to the plaintiff’s amended petition. In it the plaintiff alleges that he bought a pair of shoes at defendant’s shoe store; that the shoes were selected for him and fitted on him by the defendant’s sales clerk; that plaintiff wore them for several hours the next day and because they caused him pain and discomfort, returned to the defendant’s store and notified the sales clerk, who thereupon took the shoes off plaintiff’s feet, inserted a lift in the heel of the left shoe and, “represented to the plaintiff that the defects were eliminated and that the shoes would cause him no further trouble”; and that plaintiff relied upon the skill and judgment of the sales clerk, allowed him to put them on plaintiff’s feet and then wore them the rest of the day; that when at home that evening he discovered a sore spot on his left heel “caused by the chafing of the shoe on his foot.” These allegations are followed by allegations of the development of the injury into a serious condition, and a prayer for damages in a large sum.
It is noted that there is no allegation of an express warranty at the time of sale. It seems also from the allegations *7 that the shoes rubbed or chafed the left heel from the beginning and that the “lift” at most only failed to stop the chafing. It does not appear that the sore was produced or aggravated by the wearing of the shoes after the lift was placed in the left heel.
Does this petition state a cause of action? Whatever duty the defendant owed to the plaintiff, which the allegations suggest it violated, arose out of the sale of the shoes. There is no allegation of any representation or promise at the time of sale that could be construed as an express warranty. Was there an implied warranty? By Section 8395, General Code, it is provided that:
“If the buyer has examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed.”
The allegations show, and the nature of the transaction necessitated, a careful examination and testing by the plaintiif to determine whether or not the shoes fit his feet.. That is the defect of which he now complains. In the language of the statute his examination “ought to have revealed” this defect.
In the case of Bradt v. Holloway, et al, 242 Mass. 446, 136 N. E. 254, the court passed upon a claim by a purchaser against a seller for damages caused by a fur neckpiece that caused irritation and eruption of the plaintiff’s skin. The Massachusetts’ Sales Act is the same as the Ohio law. The defect claimed was the long hair on the fox skin. Discussing this subject, the court said:
“Even if long hair on fox skin could constitute a ‘defect’ within the meaning of the statute, it was obvious to the plaintiff. She examined the scarf, compared it with others, and put it about her neck. By the express terms of Section 17 (3) of the Sales Act, there is no implied warranty as regards such a defect.”
Accordingly the Supreme Judicial Court of Massachusetts rendered judgment for the defendant.
It seems to me that the provision of the Sales Act exempting a vendor from liability from discoverable defects when purchaser has examined the goods is analogous to the prin-
*8 ciple in the law of torts expressed in the maxim “Volenti non fit injuria,.”
A case almost identical with this case is that of Dubbs v. Zack Brothers Co., 34 O. L. 147, decided by the Court of Appeals in which the court held, as stated in the syllabus:
“A purchaser of shoes is the judge as to whether they fit properly, and an action does not subsequently lie against the dealer for selling plaintiff shoes which, in the wearing, caused injury to one of his feet for which he seeks damages.”
On principle, as well as upon authority, it seems to me that no cause of action arises from a state of facts such as is alleged in the amended petition.
The demurrer is sustained.