## Barrett et ux. v. S. S. Kresge Co.

*F. J. McDonnell*, for plaintiffs.

*O'Malley, Hill, Harris & Harris*, for defendant.

HOBAN, J., February 14, 1938.—This is a suit in assumpsit for breach of warranty under the Sales Act of May 19, 1915, P. L. 543. Plaintiff, Helen Barrett, bought a dress from the defendant company for the sum of $1, wore it, and from the dress acquired an acute dermatitis, or skin irritation, causing the damage for which she sues. During the course of the trial a voluntary nonsuit was suffered as to the plaintiff George Barrett, so the case went to the jury with Helen Barrett as sole plaintiff. The jury returned a verdict in her favor.

Defendant's motion for judgment non obstante veredicto rests on the propositions: (1) That the circumstances of the sale in question do not bring the case within the exceptions under section 15 of the Sales Act, supra, creating an express or implied warranty, since the plaintiff bought the garment directly from a rack of similar garments, and there was no reliance upon the seller's skill or judgment; (2) that there was not sufficient evidence of a deleterious substance present in the dress to carry the case to the jury.

On the question of warranty, no cases in Pennsylvania appellate courts ruling on the direct question involved have been brought to our attention. There are cases in other jurisdictions which deny the existence of an implied warranty on the theory that the Sales Act provides no exception to the common-law rule of caveat emptor, unless the buyer relies upon the skill and judgment of the seller in making the purchase. The case of Bonwit Teller

& Co. v. Kinlen, 165 App. Div. 351, 150 N. Y. Supp. 966, is typical. In that case the court expressed a reluctance to deviate from the known exceptions to the common-law rule, particularly because up to that time no English case construing the English statute (from which the New York and Pennsylvania statutes were copied) had so held.

But we see no distinction in reasoning or principle between the present situation and the foodstuff cases, universally recognized as the subject of implied warranties of fitness for use for the purpose for which the materials or products are sold. Here are cheap garments manufactured and sold in lots of thousands. The manufacturers and retailers are obviously the only ones in a position to control and know the character and effect of the materials used in their manufacture, and no housewife can be expected to risk the chance of poisoning by a substance contained in an ordinary article of clothing designed and sold expressly for human wear.

A recent English case, Grant v. Australian Knitting Mills, Ltd., et al. (Privy Council 1935), L. R. A. C. 85 (1936) and 105 A. L. R. 1483, flatly sustains this view in a case almost exactly similar as to facts, in which the express decision of the Privy Council is that the retailer was liable in contract, and that there was an implied warranty justifiable under both exceptions 1 and 2 to section 14 of the British and Australian Sales Acts (equivalent to the first and second exceptions under section 15 of the Pennsylvania Sales Act of May 19, 1915, P. L. 543). The reasoning in that case is exhaustive and, we think, conclusive.

As to the sufficiency of the evidence, we think there was enough to carry the case to the jury, in the testimony of Dr. W. J. O'Malley. Dr. O'Malley testified positively that the garment must have contained a poison to produce the effect on plaintiff. He denied the validity of the allergic theory proposed by the defense. True, the testimony was inferential only, but the witness qualified himself as an

expert in such matters by training and experience, and whatever we may think of the weight of his testimony, it is believed that the jury was entitled to compare it with that offered for the defense.

The Pennsylvania cases cited by defendant are not applicable to the present situation, since their facts differ so widely from those here considered, and support the general principle that the verdict of a jury cannot be based on guess or conjecture. But this witness offered a reasoned opinion based on immediate examination of plaintiff and his experience and expert knowledge. Bradt v. Hollaway et al., 242 Mass. 446, 136 N. E. 254, is a closer case on its facts, but in that case plaintiff's own witness described her injury as due to her own hypersensitivity or allergy, and there appeared to be no evidence, opinion or otherwise, of the presence of any dangerous material in the garment.

For the reasons above stated we think the rule for judgment n. o. v. must be discharged.

However, the factual evidence submitted on behalf of defendant, particularly the results of chemical analysis of the dress material and the tests made on other individuals both by the chemist and Dr. Whitehead, both negative as to the presence of any poisonous or irritating substance, cast serious doubt upon the accuracy of the special findings of the jury, which must have been based on inferences from the opinion evidence of Dr. O'Malley. These specific findings, that there was a poison in the dye of the dress, and that plaintiff was not allergic or hypersensitive to the dye-stuff, seem to us to be clearly against the weight of the evidence, and require that the case be submitted to another jury.

Now, February 14, 1938, the rule to show cause why judgment non obstante veredicto should not be entered in favor of defendant is discharged, but the rule to show cause why a new trial should not be had is made absolute.