LOUISE G. BIANCHI *vs.* DENHOLM AND McKAY COMPANY.

Worcester.   September 26, 1938. — March 2, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Sale,* Warranty.

In an action for breach of an implied warranty of fitness of face powder purchased by the plaintiff, where the evidence was that the powder contained aniline dyes which do not irritate the skin of the "aver-

age" person but do irritate the skin of "some" people, and that use of the powder caused skin trouble to the plaintiff, requests for rulings, in effect that, if the powder was not injurious to the "normal" person, there would be no breach of warranty merely because it caused injury through an allergic condition "peculiar" to the purchaser, were inapplicable to the evidence and were properly refused.

CONTRACT OR TORT. Writ in the Central District Court of Worcester dated November 9, 1936.

There was a finding for the plaintiff in the sum of $250 by *Wall,* J. A report to the Appellate Division for the Western District was ordered dismissed. The defendant appealed.

*G. H. Mason,* (*J. A. Crotty* with him,) for the defendant.
*J. H. Meagher, Jr.* for the plaintiff.

Cox, J. The plaintiff brought this action in the District Court to recover for injuries to her skin, alleged to have been caused by using a face powder purchased from the defendant in July, 1936. The judge found for the plaintiff. Count 1 of the declaration was based upon an alleged breach of warranty in the sale of the face powder. The other count, which was for negligence, need not be considered, as the judge ruled, without objection, that there was no evidence of negligence. The defendant concedes that a finding was warranted under G. L. (Ter. Ed.) c. 106, § 17 (1), of an implied warranty that the face powder was reasonably fit for use as such. The defendant's appeal is from the order of the Appellate Division dismissing the report of the trial judge, who declined to make certain rulings, of which it has argued the following: "1. On all the pleadings, evidence and law, a finding should be entered for the defendant for the following reasons, to wit: . . . (e) The evidence does not warrant a finding that there was any breach of any implied warranty in connection with the sale of the face powder to the plaintiff. 2. An implied warranty of fitness does not extend to fitness in respect to matters wholly unknown to the dealer and peculiar to the individual buyer. . . . 3. Where there is no evidence of any intrinsically dangerous or unhealthful ingredient in a face powder, but only that the buyer is constitutionally

unable to use the same because of a supersensitive skin or peculiar allergic condition, the warranty of fitness does not apply, and the plaintiff cannot recover in this action. . . . 4. If said face powder and any of its ingredients would not be injurious or dangerous in the use by a normal person, plaintiff cannot recover in this action for breach of warranty. . . . 9. This evidence does not warrant a finding, under G. L. c. 106, § 17 (1) that the face powder was not reasonably fit for the purpose for which the goods were purchased, if said face powder was not dangerous or injurious to a normal person and caused injury entirely because of a peculiar allergic condition in the purchaser."

There was evidence that a rash, diagnosed as dermatitis, appeared on the plaintiff's face shortly after she applied the face powder, which contained two aniline dyes, and that these dyes caused the dermatitis. She had never used this particular brand of powder before and had never had a similar rash on her face. Aniline dyes are irritants and are commonly used in clothing which comes in contact with peoples' skin, and for other dyeing purposes. These dyes are irritants to some people in the sense that their skins have a sensitiveness which is medically known as an "allergic" condition. Some persons are allergic to such harmless and nondangerous substances as strawberries, eggs, and pollen and such allergic conditions are similar in kind to the sensitiveness of the skin of the plaintiff to the aniline dyes contained in this face powder. Aniline dyes do not irritate the average person, and a similar dermatitis might result from food stuffs or other products in common use. The plaintiff's skin was apparently sensitive to aniline dyes.

The only findings of fact by the judge are that "the plaintiff's condition was caused by the application of face powder purchased at the defendant's place of business," and that "the defendant impliedly warranted the article to be fit for application to a customer's face, and that there was a breach of this implied warranty on the part of the defendant." "The trial judge in a case like the present performs a dual function. He must adopt correct rules of law for his guidance and find the facts as guided by these

rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved." *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219, and cases cited. But such requests must be applicable to the evidence in the case. *Bangs* v. *Farr*, 209 Mass. 339, 344.

There was no error in the refusal to give request 1 (e). It was a question of fact, interpreted in the light of correct principles of law, whether there was a breach of the admitted implied warranty. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 167. See *Carnes* v. *Howard*, 180 Mass. 569, 572.

We do not think that the second request, as we construe it, is applicable to the evidence, and, therefore, there was no error in its refusal. If the words "peculiar to the individual buyer" that are contained in it are intended to apply to the plaintiff as the only person who would be injuriously affected, or if it was intended to exclude the existence of a class of "peculiar" persons and there was evidence to support findings in these respects, that would be one thing. But the evidence is not so restrictive. What does appear in the evidence is that a face powder, containing aniline dyes that are irritants, when applied to the plaintiff's face in the manner intended, caused a rash. Her face was "apparently sensitive" to aniline dyes, and this sensitiveness is known as an "allergic" condition. But aniline dyes are irritants not only to this plaintiff, but also to "some" persons whose skin is allergic thereto and they do not irritate the "average person." That is, upon the evidence, the plaintiff is one of a class of persons not defined as to numbers or percentage, the only qualifications being that the members of the class are "allergic" and not "average." The findings which were possible upon the evidence do not render the request applicable and we do not think the defendant in this respect is helped by the decision in *Flynn* v. *Bedell Co. of Massachusetts*, 242 Mass. 450.

The judge was not required to give the third request,

which called for a ruling as a matter of law that the plaintiff could not recover.

The fourth and ninth requests may be considered together. They suggest as the rule of law applicable to the case at bar that if the face powder would not be injurious when used by a "normal" person, and if injury was caused entirely because of a "peculiar allergic condition" of the purchaser and user, there is no breach of an implied warranty of fitness. We are of the opinion that the evidence contains no warrant for the possible application of any such rule. The word "normal" does not appear in it. The evidence, in its description of the plaintiff, goes no farther than to permit findings that the plaintiff's skin was "sensitive" to aniline dyes; that such dyes do not irritate the "average person"; and that the plaintiff, like "some" people, was "allergic" to the dyes. Here again we find that description of the plaintiff as one of a class composed of nonaverage and "allergic" persons but with nothing to indicate the size of the class. We do not think that a seller of face powder containing a known irritant to "some" persons' skins can be heard to say that he is not liable for a breach of an implied warranty of fitness where injury results from a use of the powder by one such as is described by the evidence in the case at bar. In passing, we think it should be said that we are dealing here with the questions of law raised in the case at bar without attempting to lay down any general rule not called for by these questions. For example, there was testimony that the sensitiveness of the plaintiff's skin to the dyes was similar in kind to the "allergic" condition of some people to harmless and nondangerous substances such as strawberries, eggs, pollen, or other products in common use. The case does not call for a consideration of the possible legal consequences which may follow from the use of such substances or products by a person who may be said to be "allergic" to them.

We do not think that the cases of *Bradt* v. *Hollaway*, 242 Mass. 446, *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243, and *Smith* v. *Denholm & McKay Co.* 288 Mass. 234, help the defendant. There is no suggestion in the evidence that

the use of the face powder by the plaintiff was not precisely in the manner for which it was intended, and it is well settled that knowledge of unfitness on the part of the defendant need not be shown in an action for breach of an implied warranty of fitness. See *Holt* v. *Mann*, 294 Mass. 21, 24.

*Order dismissing report affirmed.*