### I. A. LIPPARD v. DR. HARRY JOHNSON.

(Filed 29 March, 1939.)

**1. Physicians and Surgeons § 15e—Evidence held insufficient to be submitted to jury in this action for malpractice.**

Plaintiff's evidence tended to show that defendant surgeon in performing an operation used a local anesthetic, that immediately upon its injection there was a sensation of burning, that a blister formed which burst and was followed by decay of part of the tissue, that a hard, black tissue formed which could be removed only by treatment with vaseline and cutting away, and that thereafter plaintiff went to another specialist and that the place healed after several weeks of treatment. Plaintiff contended that defendant was negligent in using novocain containing foreign, caustic, and deleterious substances or that he used some liquid other than novocain which contained caustic and deleterious substances, and that defendant was negligent in failing to properly diagnose and treat plaintiff after infection set in. There was no expert testimony tending to establish that defendant used a caustic or deleterious substance. *Held:* Whether the injury resulted from the use of some caustic and deleterious substance or whether it resulted from some unusual or unexpected reaction of plaintiff's system to an anesthetic in common use, or whether it resulted from some infection, and whether defendant incorrectly diagnosed the condition and failed to apply the proper remedy, and, if so, whether this was due to an error of judgment or negligence, all rest in speculation and conjecture, and the evidence is insufficient to overrule defendant's motion to nonsuit.

**2. Same—**

Since, due to allergy and the varying conditions of human systems, the reaction of a particular person to a specific drug is, in a large measure, unpredictable, the doctrine of *res ipsa loquitur* does not apply to an unexpected, unanticipated, and unfavorable result of a treatment by a physician.

APPEAL by plaintiff from *Ervin, Jr., Special Judge,* at December Special Term, 1938, of CATAWBA. Affirmed.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

The plaintiff, on advice of his physician, procured the defendant, the chief surgeon in charge of the Hickory Memorial Hospital, to perform an operation of circumcision. In performing the operation the defendant used a local anesthetic which he told the plaintiff was novocain. There were a number of injections. At the point of the first injection a knot arose which developed into a blister. Thereafter the blister burst and a process of decay set in, eating out a portion of the tissue. The section covering the blister became black and hard and could not be removed without a treatment with vaseline and by cutting away. After the defendant had treated the plaintiff for some time he went to a specialist in Charlotte. After several weeks treatment by the specialist the place healed, but has left the plaintiff in such condition that he now at times suffers therefrom. During the treatment the defendant, upon being asked if he thought novocain would cause the condition, replied: "No, I don't think so."

At the conclusion of plaintiff's evidence the court, on motion of the defendant, entered judgment of nonsuit. Plaintiff excepted and appealed.

*Theodore F. Cummings and W. A. Self for plaintiff, appellant.*
*Walter C. Feimster and Sapp & Sapp for defendant, appellee.*

BARNHILL, J. A careful examination of the complaint discloses that the plaintiff makes only two allegations of negligence: (1) That the defendant, in undertaking to induce a condition of local anesthesia, used a quantity of liquid containing a high percentage of some caustic and deleterious chemical or chemicals; and (2) that the defendant failed to diagnose the condition of the plaintiff's trouble which developed after the performance of the surgery for which he had been employed, and to use proper remedies for its alleviation and ultimate cure. There is no allegation that the defendant does not possess the requisite degree of learning, skill and ability necessary to the practice of his profession as a physician and surgeon; or that he failed to exert his best judgment in the treatment and care of plaintiff's case. Plaintiff's cause of action is bottomed upon the theory that in using, or attempting to use, novocain as a local anesthetic the defendant either used novocain containing foreign caustic and deleterious chemicals, or that he used some liquid that was not novocain, but was caustic and deleterious, and upon the further theory that after the sore or infection set in the defendant failed to ascertain the cause of such condition and to use proper remedies for its alleviation and ultimate cure. Except as thus alleged, there is no

13—215

allegation that the defendant failed to exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to plaintiff's case.

The plaintiff relied on his testimony and the testimony of his wife. There was no expert testimony. It follows that of necessity the plaintiff relies upon the doctrine of *res ipsa loquitur* and contends that the burning and stinging sensation which was immediately attendant upon the first injection of the anesthetic and the development of the condition thereafter is sufficient evidence to be submitted to a jury as tending to show that the liquid injected contained some caustic chemical and produced the condition complained of, and that it further tends to show that the defendant failed to properly diagnose the trouble and use the proper remedies in the treatment thereof.

It has been said that there is no such doctrine; that it is a pious symbol long used by the priests of the law to exercise spirits; that it is some of that ancient and sacred nomenclature, which means nothing more than a statement that the "obvious is self-evident—the thing itself speaks." Whether this comment is justified or not this Court, in proper cases, applies what is commonly known and referred to as the doctrine of *res ipsa loquitur*. We are of the opinion, however, that it has no application here.

The plaintiff testified that the area to be operated upon became completely dead following the injections. This indicates that some type of anesthetic was used. Was the burning and stinging sensation which followed the first injection due to some caustic chemical in the liquid, or to some unusual and unexpected reaction of plaintiff's system to the medicine? Was the resulting blister and the condition that thereafter developed due to this caustic chemical or to some germ or foreign substance which was transported into the plaintiff's system by the needle? Was the condition that followed caused by an infection that set in after the blister burst? What was the defendant's diagnosis? What treatment should have been followed? Did the specialist make a different diagnosis and use a different treatment? If the defendant incorrectly diagnosed the cause of the sore and failed to apply the proper remedy, was this due to an error of judgment or to negligence? These and other speculative questions arise upon a consideration of the evidence. In undertaking to answer them, one guess is as good as another. And any conclusion, on this record, is based upon surmise and conjecture. The answer is not obvious. There is no evidence in the record which, when considered in the light most favorable to the plaintiff, makes one conclusion more probable than the other.

Practical application of the medical science is necessarily to a large degree experimental. Due to the varying conditions of human systems

the result of the use of any medicine cannot be predicted with certainty. What is beneficial to many sometimes proves to be highly injurious to others. A food or drink that one allergic person may use with impunity is highly injurious to another. The goldenrod is a thing of beauty to one asthmatic; to another it is a thing to be shunned. Even the expert cannot completely fathom or understand the reactions of the human system. Therefore, to say that an unexpected, unanticipated and unfavorable result of a treatment by a physician invokes the application of the doctrine of *res ipsa loquitur* would be to stretch that doctrine far beyond its real purpose and to destroy its recognized usefulness in proper cases.

The plaintiff relies on the decision in *Covington v. James,* 214 N. C., 71, 197 S. E., 701. While this doctrine was discussed in that opinion and the Court announced its unwillingness to decide that it is not a mode or method of proof in malpractice cases, except where foreign substances have been introduced into the body during an operation and left there, the Court expressly refrained from applying the doctrine to the facts in that case. That decision, when properly interpreted, can bring very little comfort to the plaintiff.

We concur in the opinion of the court below that the plaintiff has failed to offer any evidence tending to show that he has suffered any physical injury as a proximate result of any careless or negligent conduct of the defendant.

The judgment of nonsuit is
Affirmed.