This is a civil action to recover damages for breach of warranty in the sale by defendant to the plaintiff of certain preparations manufactured by the defendant. *Page 674 
Plaintiff alleges that at the solicitation of defendant's agent she purchased certain cosmetics manufactured by the defendant and marketed for the purpose of curing, preserving and restoring a normal, healthy condition of the skin; that at the time of the purchase she discussed with said agent the plaintiff's facial condition and that the agent selected the preparations to be purchased by the plaintiff for the purpose of clearing up and curing her facial condition; that said preparations were used pursuant to instructions given and represented to be a complete "Acne Service"; that after the plaintiff had used the preparations her face began to break out; that she communicated with the agent who directed her to continue to use said preparations as the condition so created was to be expected from the use of same in accordance with the directions given plaintiff and that upon continuing to use the preparations her facial condition became such that she had to undergo treatment by a doctor over a period of several weeks.
The plaintiff testified that at the time of the purchase she had no abnormal skin condition of the face other than a few pustules (blackheads), and that she received from the defendant's agent upon her first visit a booklet which contained, among other things, the following: "Luzier's Acne Service is neither a treatment nor a cure in the medical sense of those terms. The cause of acne is usually systemic, occasioned by poor health or faulty diet — both of which require professional advice. Luzier's Acne Service is to aid in clearing up the external condition, those unsightly pustules (pimples) that mar the countenances of most persons afflicted with acne."
At the conclusion of plaintiff's evidence there was a judgment of nonsuit. The plaintiff excepted and appealed.
The plaintiff relied solely upon her own testimony. The physician who attended her did not testify. Therefore, it does not appear what the nature of the condition of the skin of her face was after she used preparations purchased from the defendant. Neither does the cause thereof appear. There is a total absence of evidence of any damage proximately resulting from the breach of any warranty, either express or implied. While this is not an action for malpractice by a physician, what is said in Lippard v. Johnson,ante, 384, is in point.
The judgment below is
Affirmed. *Page 675