GENEVIEVE Y. LONGO *vs.* THE TOURAINE STORES, INC. March 27, 1946. Exceptions overruled. This action, brought to recover compensation for personal injuries alleged to have been sustained in the circumstances recited below, comes before us on the plaintiff's exception to the allowance of the defendant's motion for a directed verdict. There was evidence that the plaintiff purchased a pair of brown kid gloves from the defendant on November 24, 1942; that after wearing them for two or three days, a rash appeared on her hands; that she had not had any skin affection before; that after treatment by her family physician, she was referred by him to a physician who was a specialist in skin diseases, a dermatologist; that she was treated by him; that he made tests from patches of the gloves on the plaintiff's wrists; that as a result a rash appeared thereon; that this physician made no chemical test of the gloves, and never found what was "wrong with the gloves"; that he made a diagnosis of contact dermatitis plus secondary infection caused by some outside agent; that he "thought the gloves were the ideological agent";

that he found that the plaintiff was "allergic to this particular pair of gloves"; and that "this particular type of gloves on this particular pair of hands . . . caused this rash or this dermatitis." The plaintiff had the burden of proving that the gloves were unfit "to be worn by a normal person, and cannot recover by merely showing that . . . [they were] unfit for her or for some unusually susceptible person to wear." *Payne* v. *R. H. White Co.* 314 Mass. 63, 65. On the evidence most favorable to the plaintiff, it cannot be said rightly that she sustained that burden, since there was no evidence of any intrinsically unhealthy quality in the gloves that would affect a normal person but only evidence that the plaintiff was allergic to them. This being so, the warranty of fitness (G. L. [Ter. Ed.] c. 106, § 17 [1]) does not apply. *Flynn* v. *Bedell Co. of Massachusetts*, 242 Mass. 450, 454. See also *Bradt* v. *Hollaway*, 242 Mass. 446, 449.

*C. A. Kane*, for the plaintiff.

*W. L. Allen*, for the defendant.