THELMA REYNOLDS, PLAINTIFF-RESPONDENT, v. SUN RAY DRUG CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted February 14, 1947—Decided April 24, 1947.

For the defendant-appellant, *Edward J. Ascher* (*Haydn Proctor*, of counsel).

For the plaintiff-respondent, *Parsons, LaBrecque, Canzona & Combs.*

The opinion of the court was delivered by

OLIPHANT, CHANCELLOR. This is an appeal from a judgment of the Supreme Court entered upon a verdict of a jury rendered in an action brought to recover for injuries sustained from the use of a lipstick sold the respondent by appellant's employee.

The action was brought in three counts, the first of which was based on the alleged breach of an express warranty and as to which the trial court ordered a nonsuit. On the third count, which sounded in negligence, the plaintiff suffered a voluntary nonsuit. No complaint is made as to these rulings. The trial proceeded under the second count which pleaded the breach of the implied warranty set out in *R. S.* 46:30-21 (1). "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (*whether he be the grower or manu-*

*facturer or not*), there is an implied warranty that the goods shall be reasonably fit for such purpose" (italics supplied).

The testimony developed that the respondent entered appellant's drugstore for the purpose of purchasing a lipstick, that she asked the sales girl for a particular brand of lipstick and was told that it was not in stock and that she subsequently, on the recommendation of the sales girl, purchased the brand of lipstick which, after use, caused her injuries. There was proof that at no time previous had the respondent suffered from any skin infection and that she had used the requested brand of lipstick for years. There was no dispute as to the foregoing.

There is some dispute as to the exact statements or representations made but the sales girl frankly admitted she might have recommended the product because she herself had used it for a long time. Another witness corroborated this fact. There is a sharp cleavage in the expert testimony of the doctors and chemists.

The trial court in an adequate charge, which was not excepted to, left the determination of the existence, *vel non*, of an implied warranty under *R. S.* 46:30–21 (1) to the jury as triers of the facts with instructions that the respondent had the burden of establishing a breach of the implied warranty, if such there was.

The case is before us on three grounds (1) that the verdict was against the weight of the evidence, (2) there was error in the refusal to grant a nonsuit, and (3) there was error in the refusal to direct a verdict for the appellant. The ground that the verdict is against the weight of the evidence is not cognizable here. *Runyon* v. *Monarch Accident Insurance Co.*, 108 *N. J. L.* 489; *Edmondston Supply, &c., Corp.* v. *Eisler Electric Corp.*, 124 *Id.* 62.

In support of its contention that the trial court erred in denying the motions for a nonsuit and a direction of a verdict, the appellant contends that the statutory warranty is limited to a warranty that goods are reasonably fit for the purpose for which they are sold and that it cannot be said the goods are not reasonably fit for the purpose when only a small proportion of those who use a certain article are in-

juriously affected thereby. This court held to the contrary in *Zirpola* v. *Adam Hat Stores, Inc.*, 122 *N. J. L.* 21, where it was said "The mere fact that only a small proportion of those who use a certain article would suffer injuries by reason of such use does not absolve the vendor from liability under the implied warranty created by the statute; otherwise, in every action to recover damages for the breach of an implied warranty, it would be necessary to show that the article sold * * * would be injurious to every user." To the same effect are the opinions in *Bianchi* v. *Denholm & McKay Co.*, 302 *Mass.* 469; 19 *N. E. Rep.* (2d) 697; 121 *A. L. R.* 460; *Smith* v. *Burdine's, Inc.* (*Fla.*), 198 *So. Rep.* 223; 131 *A. L. R.* 115.

The appellant attempts to distinguish the case of *Zirpola* v. *Adam Hat Stores, Inc., supra,* from the instant case on the ground that there the action was against a corporation which was the manufacturer and vendor and therefore it knew, or was at least charged with knowledge, that the ingredients used in the complained of article were of a poisonous nature. It is asserted that the appellant here is not charged with such knowledge.

This court in *Griffin* v. *James Butler Grocery Co.*, 108 *N. J. L.* 92, stated that the statute is in general terms and that there is no sound reason for engrafting an exception on the general rule because the subject of the sale was in sealed packages and not open to inspection by the dealer. That decision is dispositive of appellant's second contention.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.