HENRY A. MONK v. TRAVIS H. FLANAGAN, T/A GREENVILLE TOBACCO CURING COMPANY, AND CHARLIE BARNES.

(Filed 24 February, 1965.)

**Negligence § 24a—**

Evidence that plaintiff was injured when he turned the knob on the door of a tobacco curing "pot burner" and as a result the door flew open and a blast of hot steam, scalding oil, hot ashes and soot erupted onto his right arm, *held* insufficient to overrule nonsuit, since an inference of negligence cannot rest on conjecture or surmise, but only upon a premise established by proof.

APPEAL by plaintiff from *Morris, J.,* 21 September 1964 Civil Session of PITT.

Action of tort to recover damages for personal injuries sustained when plaintiff, who was engaged in curing tobacco in a barn, turned

the knob on the door of a tobacco curing burner, commonly referred to as a "pot burner," and as a result the door flew open and a blast of hot steam, scalding oil and hot ashes and soot erupted from the "pot burner" onto his right hand and arm. That such explosion was allegedly caused by the negligence of Flanagan, t/a Greenville Tobacco Curing Company, acting through and by his agent Barnes, in installing, adjusting, repairing, and changing this "pot burner" and the smokestack incident to its operation.

From a judgment of involuntary nonsuit entered at the close of plaintiff's evidence, he appeals.

*Willis A. Talton for plaintiff appellant.*

*James and Speight by William C. Brewer, Jr. and W. W. Speight for defendant appellees.*

PER CURIAM. A critical study of plaintiff's evidence, considered in the light most favorable to him, leads us to the conclusion that plaintiff has failed to show any actionable negligence on the part of the defendants, or either of them, resulting in his unfortunate injuries. Plaintiff has no evidence that would reasonably warrant an inference of fact that the flying open of the door of the "pot burner" when he turned its knob, and the eruption therefrom of a blast of hot steam, scalding oil and hot ashes and soot was caused by any act of defendants. "An inference of negligence cannot rest on conjecture or surmise. [Citing authority.] This is necessarily so because an inference is a permissible conclusion drawn by reason from a premise established by proof." *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670. His evidence leaves it all in the realm of mere conjecture, surmise, and speculation, and one surmise may be as good as another. Nobody knows. "A cause of action must be something more than a guess." *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411. "Any other interpretation of the law would unloose a jury to wander aimlessly in the fields of speculation." *Poovey v. Sugar Co.,* 191 N.C. 722, 133 S.E. 12. "Cases cannot be submitted to a jury on speculations, guesses or conjectures." *Hopkins v. Comer,* 240 N.C. 143, 81 S.E. 2d 368. A resort to a choice of possibilities is guesswork, not decision. *Hanrahan v. Walgreen Co.,* 243 N.C. 268, 90 S.E. 2d 392.

The judgment of involuntary nonsuit is

Affirmed.