*Municipal Court of the*
*City of Boston*

No. T-12823

**JOAN K. HENRY**

v.

**MANSFIELD BEAUTY ACADEMY, INC.**

Argued: Oct. 28, 1966. Decided: Nov. 9, 1966.

*Present:* Adlow, C.J., Glynn, Canavan, J.J.

Case tried to *Shamon J.* in the Municipal Court of the City of Boston No. T-12823

Adlow, C.J. Action sounding in contract and tort for injuries suffered by the plaintiff while a patron of the defendant's hairdressing establishment. There was evidence that on November 30, 1964 the plaintiff went to the shop on Boylston Street in Boston where the defendant operated a hairdressing school; that the plaintiff paid $4.00 in advance for a permanent wave; that on ten previous occasions she had received similar treatment from the defendant without any ill effects; that before proceeding to receive her treatment the defendant gave a paper to the plaintiff which purported to release the defendant from "any and all claims or liability arising or which may arise from any negligent or careless operation on the part of the operators—or from any lack of skill on their part"; that the plaintiff signed said release.

There was further evidence that after going through the above preliminaries an instructor assigned a student to give the hair treatment to the plaintiff; that the student was given a towel, a bottle of Twinkle Instant waving lotion, and a tube of Bonat Neutralizer with which to administer the permanent wave on the plaintiff. The container containing the above lotion and neutralizer had printed on the outside "precautionary instructions" which warned the operator not to allow the

neck towel to become soaked with waving lotion lest it cause irritation, and, further, "Don't wipe or rub any waving lotion which may have dripped on forehead, face, or neck." With respect to the neutralizing solution paragraph 4 of the instructions stated "Allow the neutralizer to remain on the curls 5 minutes."

On the reported evidence it appears that during the treatment the towel around the plaintiff's neck became soaked with the solution which dripped onto the neck and face of the plaintiff; that the plaintiff called the attention of the student operator to the fact that the skin on her neck was red; that the student operator called her supervisor who ordered her to rinse the affected area with cold water and to apply a salve; that the plaintiff remained under a dryer from 6:30 p.m. to 9:30 p.m., but the reddish discoloration of her skin remained when she left the defendant's shop; that the next morning large blisters appeared on her face and neck; that she went to the Carney Hospital for treatment and finally called in a dermatologist who treated her; that she remained out of work two weeks and was not cleared of the eruption until February 1, 1965, and suffered much pain during the entire time.

There was evidence from the student operator who gave the treatment that she was not registered as an operator with the Board of Registration for Hairdressers; that during the

treatment she wore rubber gloves to protect her hands from irritation by the solution; and that she allowed the neutralizer solution to remain on the plaintiff's head for ten minutes and that she noticed the redness on the plaintiff's skin.

On these facts the court found for the plaintiff, and to the refusal of the court to rule that the evidence did not warrant a finding for the plaintiff or that the release barred a right of recovery by the plaintiff the defendant brings this report.

 While there is an implied warranty of the suitability of the preparation used by the defendant in treating the plaintiff's hair, G.L. c. 106, § 17 (1) it was incumbent on the plaintiff to show that her injuries were caused either by (1) an inherent defect in the quality of the preparation used which made its application dangerous for use on one with normal skin, *Longo* v. *Touraine Stores, Inc.,* 319 Mass. 727, or (2) an improper and negligent application of the preparation to the plaintiff's hair resulting in her injury. *Gavin* v. *Kluge,* 275 Mass. 372, 377.

There was no expert testimony bearing on the presence of harmful ingredients in the materials used. In view of the ten previous occasions when the plaintiff had received a permanent wave at the defendant's establishment. without any ill effect, we can hardly attribute

the plaintiff's condition to any allergy. *Bianchi* v. *Denholm & McKay Co.*, 302 Mass. 469.

While the report is obscure as to whether the same materials were used on the previous occasions, in the absence of evidence indicating a change we must assume that the court decided the issue on the theory that the materials used were not harmful unless improperly applied. On this particular issue, there is ample evidence to warrant the court's ruling.

█ In determining whether the treatment was properly administered there is the evidence contained in the "precautionary instructions" printed on the package containing the materials used by the operative. There is evidence that the operator allowed the towel that was around the plaintiff's neck to become soaked with the solution, and also allowed it to touch the neck and face of the plaintiff. There was also evidence that under instructions from the supervisor the operator rinsed the affected area with cold water. Furthermore, despite the precautionary instruction that the neutralizer was to be left on the curls five minutes, there was evidence that on this occasion the neutralizer was left on the plaintiff's curls for ten minutes. These departures from the routine suggested by the "precautionary instructions", about which there appears to be no dispute, provide ample evidence to warrant a finding that the operative was negligent. *Ga-*

*vin* v. *Kluge,* 275 Mass. 372, 377; *Hubley* v. *Parker,* 64 App. Div. B.M.C. 75.

Aside from the above irregularities in application, the employment of a student operative in the treatment of a paying patron, the student operative not being registered with the Board of Registration of Hairdressers, was a violation of the provisions of G.L. c. 112, § 87U. Keeping in mind that the statute was passed for the protection of patrons of beauty parlors, its violation was evidence of negligence which the court might consider. *Parker* v. *Barnard,* 135 Mass. 116; *Berdo* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 496.

This violation of law is pertinent to the issue raised by the release which the plaintiff signed. While it is true that the plaintiff could make a valid contract exempting the defendant from liability to her for injuries resulting from the negligence of the defendant or its agents, *Clarke* v. *Ames,* 267 Mass. 44, 47, the effectiveness of the release is predicated on the defendant's conducting its hairdressing establishment in accordance with the standards prescribed by statute. The plaintiff contracted for a treatment given by a lawfully qualified operative and the release is effective only to the extent that the defendant employed such an operative. Instead, the defendant used an operative who had no legal right to practice the hairdressing art on customers. Having violated the law it cannot shield it-

self from responsibility for the consequences by pleading the release.

**There was no error. Report dismissed.**

ALAN H. ROBBINS of Boston,
 for the plaintiff
JOHN N. GLEDHILL, JR. of Boston,
 for the defendant