OHMAN M. McKIN *vs.* ABRAHAM SIEGEL.

Suffolk.    March 26, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil*, Exceptions, New trial.

An exception to a refusal by a trial judge to allow a motion, presented at the close of the evidence, that a verdict be ordered for the defendant, cannot be sustained by this court where the bill of exceptions contains no statement that all the material evidence appears in the record.

The disposition of a motion for a new trial, based on the grounds that the verdict was against the evidence and the weight of the evidence and that the damages awarded were excessive, is in the discretion of the trial judge, and no exception lies thereto where it does not appear that the discretion was abused.

Questions of law which might have been raised at a trial do not form proper grounds for a motion for a new trial after verdict.

TORT for libel.    Writ dated June 14, 1920.

In the Superior Court, the action was tried before *Donahue*, J.    A motion that a verdict be ordered for the defendant was denied.    There was a verdict for the plaintiff in the sum of $2,000.    A motion for a new trial was denied.    The defendant alleged exceptions.

The case was submitted on briefs.

*G. R. Blinn, A. L. Taylor, & J. W. Flett*, for the defendant.
*C. H. Cronin*, for the plaintiff.

BRALEY, J.    It cannot be held as matter of law that the denial of the defendant's motion for a directed verdict was erroneous.    The bill of exceptions contains no statement that all the material evidence is before us.    *York* v. *Barstow*, 175 Mass. 167.    *Cohen* v. *Longarini*, 207 Mass. 556.    The

defendant's exceptions to the refusal of the motion for a new trial also show no error of law. It was for the trial judge to determine in his discretion whether the verdict was against the evidence and the weight of the evidence, or whether the damages were excessive. The other grounds alleged, whether the verdict was contrary to law, or whether the court erroneously refused to order a verdict for the defendant, or whether the verdict was contrary to and inconsistent with any rule relating to damages, were all questions which might have been raised at the trial, and therefore cannot be considered at the hearing on the motion. *Sanger* v. *Milbury*, 250 Mass. 580. The exceptions which are plainly frivolous are overruled with double costs, with interest at twelve per cent a year on the verdict, as provided in G. L. c. 211, § 10.

*So ordered.*