STEPHANIE CINCEVICH vs. JOSEPH PATRONSKI. November 10, 1939. Order dismissing report affirmed. There was no error in the rulings of the trial judge reported to the Appellate Division for review. He found for the defendant on the ground of an accord and satisfaction. The only rulings reported were in substance that this finding was warranted by the evidence. It was warranted by the evidence recited in the report. This evidence was conflicting. But on one view of it findings could have been· made that the plaintiff and her husband agreed with the defendant upon a settlement of her claim for compensation for personal injuries and that of her husband for consequential damages — unliquidated claims — by the defendant's giving them credit for six months' rent due from them to him, and that he gave such credit and it was accepted. There was evidence that the plaintiff and her husband and the defendant agreed to exchange releases, but that no release was given. The failure to give releases did not preclude a finding that the accord, which could have been found, was satisfied. See *Jordan* v. *Velozo*, 266 Mass. 76, 79. The judge was not required to find in accordance with the plaintiff's contention that the agreement between the parties was for payment by the defendant of all the "medical expenses" of the plaintiff and her husband "resulting from the accident" or that the amount credited by the defendant on account of rent was less than the amount agreed to be paid by him. The decision of the Appellate Division was right on the ground above stated, but it could also be supported on the ground that the report failed to state that it contained all the evidence material to the questions reported. See Rule 28 of the District Courts (1932), and Draft Report Model, page 58. *Todd* v. *MacLeod*, 188 Mass. 144, 146. *Hall* v. *Smith*, 283 Mass. 166, 167.

*J. H. Pearson*, for the plaintiff.

*F. C. Zacharer*, for the defendant.

NATHAN BARNETT vs. BOSTON LEGAL AID SOCIETY *et als.* November 13, 1939. Orders sustaining demurrers affirmed. None of the counts complies with the requirement of G. L. (Ter. Ed.) c. 231, § 7, Second, that "The declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255. *Jacobs* v. *Mann*, 300 Mass. 258, 260. *Fleming* v. *Dane, ante*, 46. See *Keljikian* v. *Star Brewing Co.* 303 Mass. 53.

*N. Barnett, pro se.*

*B. C. Perkins, S. B. Hibbard, & R. M. Gardiner*, for the defendants.

MAPLE REALTY CO., INC. vs. BROADWAY FRUIT MARKET, INC. November 16, 1939. Exceptions overruled. The liability of the defendant was not admitted, and the burden was on the plaintiff to establish it by evidence. The evidence raised a question of fact for the jury. A verdict for the plaintiff could not have been directed.

*M. H. Kramer*, for the plaintiff.

*G. B. Silton*, for the defendant.