BRUCE IRVING *vs.* ANTHONY V. BONJORNO.

Essex.   May 9, 1951. — June 26, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Requests, rulings and instructions; Appellate Division: appeal, report; Waiver; Writ. *Waiver.*

The propriety of a denial of a "motion for a directed finding" by the defendant in an action in a District Court was not open in this court where there was no specification of the grounds of the "motion" in conformity to Rule 27 of the District Courts (1940) and the Appellate Division did not review its denial.

After the defendant in an action had answered, it was too late for him to seek to take advantage of a mere mistake in the middle initial of his name in the writ served on him as the person intended.

A report by a District Court judge to the Appellate Division not stating that it contained all the material evidence could not support a contention by the defendant before this court that there was nothing on which the judge could base a finding made for the plaintiff.

TORT for damage to the plaintiff's automobile.   Writ in the First District Court of Essex dated November 19, 1947.

The defendant's answer contained only a general denial and allegations of contributory negligence and of illegal registration of the plaintiff's automobile.

The action was heard by *Fay,* J.

*R. H. Nitkin,* for the defendant.

No argument nor brief for the plaintiff.

WILKINS, J.   The plaintiff's taxicab driven by his agent was damaged in a collision with an automobile on Bridge Street, Beverly, on September 6, 1947.   In this action of tort, in which the writ describes the defendant as Anthony V. Bonjorno, there was a finding for the plaintiff.   The

Appellate Division, after twice remanding the case for amendment of the report, dismissed the report, and the defendant appealed.

The report contained "the following special finding of fact: . . . The operator of the taxicab . . . was driving his automobile to the right of the center of the highway at a reasonable rate of speed when the automobile of the defendant turned sharply to the left passing over the center of the highway and colliding with the taxicab." The Appellate Division entered the following order: "Remanded to the trial judge for amendment of the report, by stating whether the report, which was made by him, contained all the material evidence." The clerk of the District Court then notified the Appellate Division in writing that the trial judge desired to amend his report by inserting the words "operated by Anthony J. Bonjorno." The place in the report where these words were to be inserted cannot be determined upon this record. Thereupon the Appellate Division entered the following order: "Motion to remand case allowed: with directions to the trial judge to include the evidence, if any, on which he based his findings that the car was operated by Anthony J. Bonjorno."

The trial judge then filed another report containing the following facts. The only persons present at the scene of the accident were the driver of the taxicab, his passenger, and the operator of the automobile which collided with the taxicab. After the accident the operators exchanged licenses and registrations. "The license and the registration of the operator of the automobile which was in collision with the taxicab bore the name of Anthony J. Bonjorno." At the trial, after three witnesses were sworn, permission was asked if the defendant could draw a sketch of the scene of the accident. Permission was granted, and one of the three sworn witnesses drew such a sketch on a blackboard. The plaintiff and the operator of the taxicab, the other sworn witnesses, testified. The third witness did not testify. The defendant rested at the conclusion of the plaintiff's case. No question was raised by the defendant

as to the identity of the operator of the automobile registered in the name of Anthony J. Bonjorno.

The defendant contends that his ownership of the automobile has not been proved by competent evidence. This must relate to the denial of his "motion for a directed finding." The refusal of this request is equivalent to a ruling that the evidence warranted a finding for the plaintiff. *Commonwealth* v. *Hull,* 296 Mass. 327, 329. *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 95. There has, however, been no compliance with Rule 27 of the District Courts (1940), which requires the grounds of such a request to be specified. The Appellate Division did not review the ruling, and hence the question is not before us. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268, 270–271. *McKenna* v. *Andreassi,* 292 Mass. 213, 215–216. *Magrath* v. *Sheehan,* 296 Mass. 263, 264. *Gibbons* v. *Denoncourt,* 297 Mass. 448, 450. *Okin* v. *Sullivan,* 307 Mass. 227, 228.

If we correctly understand the defendant's argument on the merits, it does not seem that there was any error. If the defendant was seeking to take advantage of a misnomer in the writ served upon him as the person intended, it was too late to do so after filing his answer. *Root* v. *Fellowes,* 6 Cush. 29, 30. *Trull* v. *Howland,* 10 Cush. 109. *Sanford* v. *Hodges,* 11 Gray, 485. *Anderson* v. *Qualey,* 216 Mass. 106, 108. If he was seeking to show that there was nothing upon which the judge could base a finding against him, he cannot circumvent the absence of a statement that the report contains all the material evidence. The Appellate Division in its first order for amendment of the report referred to the omission. But no statement to that effect has been made. The report is fatally defective in this respect. *Perry* v. *Hanover,* 314 Mass. 167, 169. See *Monaghan* v. *Goddard,* 173 Mass. 468, 469; *Todd* v. *MacLeod,* 188 Mass. 144, 146; *McKin* v. *Siegel,* 256 Mass. 269.

The defendant's argument that the trial judge amended the report without notice to him is not supported by the record.

*Order dismissing report affirmed.*