*Northern Division*

No. 4645

### ANGELO A. MAGLIOZZI

v.

### ROBERT ITRE

*Eno, J.* This is an action of tort by a bailor of an automobile against the defendant, who, it is alleged, stopped his automobile suddenly and without warning, causing the plaintiff's automobile then operated by plantiff's bailee, to crash into its rear. The defendant testified that while traveling in about the center of the road a dog came from his left towards his right hand side; that he pulled his automobile to the right and stopped in back of parked automobiles; and that thereafter he was struck in the rear by the plaintiff's automobile.

The plaintiff filed requests for rulings of which the following were denied by the trial judge:

"1. On all the evidence there should be a finding for the plaintiff."

"3. On all the evidence the Court must find that the defendant was negligent."

The court found the following facts:

"The operator of the plaintiff's car was negligent. The defendant drove his car properly. He was not negligent."

The report, incorrectly called "plaintiff's report,"

does not state that it contains all the evidence material to the questions reported, and that is enough for its dismissal. *Cincevich v. Patronski*, 304 Mass. 679.

The negligence of the defendant was a question of fact for the trial judge, *Hladick v. Williams*, 292 Mass. 470, 473, who found that he was not negligent, *Jennings v. Bragdon*, 289 Mass. 595.

Furthermore, while the evidence might have warranted a contrary finding, we do not think that one of negligence was required. The plaintiff had the burden of proof and the judge did not have to believe his version of the collision. Therefore, there was no error in the denial of plaintiff's third request.

There was also no error in the denial of his first request because it did not contain any specification as required by Rule 27 of the Rules of the District Courts. *Okin v. Sullivan*, 307 Mass. 227.

There being no prejudicial error in the denial of plaintiff's first and third requests for rulings the report is to be dismissed.

Wilbur Nixon, Attorney for plaintiff.

Badger, Pratt, Doyle & Badger, Attorneys for defendant.