LAWRENCE S. SCHNEPEL, JUNIOR, *vs*. DAVID W. KIDD.

Middlesex. October 6, 1954. — December 31, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Exceptions: whether error shown. *Error,* Whether error shown. *Negligence,* Contributory.

Error in the denial of a motion for a directed verdict by the defendant in an action for personal injuries was not shown by a bill of exceptions not stating that it contained all the evidence relating to liability.

Evidence merely that a boy chasing another boy while at play in a school yard slipped off the back of the other boy and was injured by striking his jaw on a concrete post when the other boy "ducked down" did not require a ruling that the injured boy was guilty of contributory negligence.

TORT. Writ in the First District Court of Southern Middlesex dated October 25, 1949.

Upon removal to the Superior Court, the action was tried before *Goldberg, J.*

*Rupert L. Mapplebeck,* for the defendant.

*Russell J. Coffin,* for the plaintiff, submitted a brief.

LUMMUS, J. This is an action of tort by a schoolboy eight years old to recover for personal injuries sustained on January 24, 1949, in the yard of a school in Wayland. The plaintiff got a verdict. The only exception of the defendant is to the denial of his motion for a directed verdict in his favor.

The defendant was a subcontractor who undertook to do the excavating and grading for an addition to the school, which was being built while the school was in session. More than 300 children attended the school. They played at recess in a gravel yard the dimensions of which were 120 feet by 140 feet. In order for the defendant to get his equipment inside the yard he was obliged to remove two concrete posts which he placed at the foot of a tree about two months before the accident. While playing with other boys at recess, the plaintiff was chasing another boy who "ducked

down," with the result that the plaintiff slipped off his back and struck his jaw on one of the posts.

The bill of exceptions does not state that it contains all the evidence relating to the issue of liability. For all that appears there may have been other evidence tending to show negligence on the part of the defendant. *McKin* v. *Siegel,* 256 Mass. 269. *Gurll* v. *Massasoit Greyhound Association, Inc.* 325 Mass. 76. *Irving* v. *Bonjorno,* 327 Mass. 516, 518. *Realty Developing Co. Inc.* v. *Wakefield Ready-Mixed Concrete Co. Inc.* 327 Mass. 535, 537. The bill of exceptions does not show contributory negligence of the plaintiff as matter of law.

*Exceptions overruled.*