*Municipal Court of the City of Boston*

No. 385415

## MARGARET KHOURI

### v.

## WM. FILENE'S SONS CO., INC.

(December 30, 1955)

*Tomasello, J.* In an action of contract upon an alleged breach of warranty the plaintiff sought recovery for personal injuries received when she wore a bra with rubber inserts purchased of the defendant. The case was tried before *Shamon, J.*

The evidence disclosed that the plaintiff intending to purchase a bra with rubber inserts entered the defendant's basement store on the second or third of September, 1953. The bras were unpacked and spread all over a counter. The saleslady measured the plaintiff for size and picked out a satin bra from the counter and gave it to the plaintiff to examine. The plaintiff then purchased it. The bra bore no identifying trade name but did have two identifying numbers. The plaintiff who had never before worn a bra with rubber inserts wore it for the first time to a party on the night of the 12th of September between the hours of 5:00 or 6:00 p.m. until 1:00 a.m. While at the party she experienced a prickly sensation in the area covered by the bra. Upon arrival home she noticed that her bust was a little red and became more itchy. The condition grew worse and required medical treatment and attention.

The plaintiff had never had a rash on her body before, and a qualified dermatologist found that the condition from which the plaintiff was suffering was a "contact dermatitis", an allergic reaction probably caused by the bra. Patch tests conducted by the dermatologist indicated that the *plaintiff was allergic both to the foam rubber inserts and the satin of which the bra was made*. It was his opinion that normal persons do not receive "contact dermatitis" from satin and foam rubber and in his own experience the plaintiff was the only patient whom he had seen who was allergic to foam rubber and satin at the same time.

The defendant had purchased and sold 1,222 dozen of these bras with foam rubber inserts during 1953 without complaint from any other person other than the plaintiff, who had in turn purchased these bras from it.

The plaintiff gave seasonable notice of her claim to the defendant.

The trial judge found for the plaintiff and the defendant claimed to be aggrieved by the court's denial of its request for ruling No. 1. — "The evidence does not warrant a finding for the plaintiff."

The plaintiff relied on the case of *Bianchi v. Denholm & McKay Co.*, 302 Mass. 469, wherein a recovery was had because of the presence of two aniline dyes in face powder causing irritation and in which the court stated in its opinion that the aniline dyes were known irritants not only to that plaintiff but also to "some" persons whose skin is allergic thereto, and they did not irritate the "average person."

The instant case, however, is distinguishable from that case in that the plaintiff was described as the only patient who had been seen by the dermatologist to be allergic to foam rubber and satin at the same time. There is doubt as to which of the two materials contained in the bra caused the irritation. The plaintiff had never worn this type of bra before. There was no evidence to conclude that the bra contained any noxious substance, such as analine dyes or other ingredients which could cause the irritation. It could be inferred that the allergy was unique to the plaintiff as compared to 1,222 dozen or 14,664 other persons who had purchased these bras without complaint, sufficiently to overcome the presumption of the normalcy of the plaintiff as relating to danger from allergy.

The *Bianchi v. Denholm & McKay Co.* case and cases previously decided have gone along the theory that prior use of similar articles, such as face powder, without ill effects warrants a finding in the event of effects on other subsequent occasions, that some noxious substance and ingredient must have been present in the article so as to affect a normal person.

The trend of subsequent decisions has been to require positive proof of the existence of some ingredient or noxious substance foreign to the usual non-

irritating articles, for a recovery upon a warranty of fitness. Also, that the article purchased would be injurious to a normal person. *Payne v. R. H. White Co.*, 314 Mass. 63; *Graham v. Jordan Marsh Co.*, 319 Mass. 690; *Longo v. The Touraine Stores Co.*, 319 Mass. 727.

The plaintiff's declaration alleges that the bra in question contained substances which were "poisonous and noxious and wholly irritating". The mere allergy without analysis or proof of the ingredients to make up the article in issue would be insufficient to sustain these allegations.

We see no reason for concluding in accordance with provisions of G. L. (Ter. Ed.) c. 106, §17 (1) that the bra in question was not "reasonably fit for the purpose" for which it was purchased.

The trial judge erred in denying the defendant's request for ruling No. 1 that "The evidence does not warrant a finding for the plaintiff." That request should have been granted.

*Finding for the plaintiff vacated. New trial ordered.*

Paul J. Dolan, for the plaintiff.

James D. Casey, for the defendant.