No. 444249

## LAWRENCE KANE, INC.

### v.

## J. I. ORIGINALS, INC.

(June 7 — August 28, 1957)

*Present:* ADLOW, C. J., GILLEN AND ROBERTS, JJ.

*Roberts, J.* This is an action of contract to recover $855.10 based on three items in an account annexed. One item involves a charge of $174.70 for art, typography, engraving and photostating work incident to the pereparation of a one half page ad for insertion in the publication "Women's Wear Daily" issue of June 6, 1956. The two remaining items involve charges of $523.60 and $152.80 for advertising space in that publication during June and July of the same year.

For further answer the defendant alleged that the advertisement was defective and placed in violation of an agreement between the parties and without the defendant's prior approval as required.

The trial judge found for the plaintiff in the amount of $855.10 and defendant claims that it is aggrieved by the "ruling and findings" made by the court in dealing with certain of its requests.

The defendant's sole contention is that there was an agreement that the advertisements were not to be placed with the publication without prior oral approval of the proof prepared by the plaintiff and that the trial judge having found the existence of such an agreement was not warranted in further finding that such approval had been waived by the defendant "verbally and by implication".

■■ This contention is not open to the defendant. The question of waiver is one of fact. "Its determination was for the trial judge; and there is no appeal from his finding of fact." *Reid v. Doherty,* 273 Mass. 388 at 389. Further the defendant admits in its argument that the surrounding circumstances bearing on the conduct of the parties have not been reported in detail so that its argument that the finding of waiver was not warranted by the facts cannot

be sustained. *Kelsey v. Hampton Court Hotel Co.*, 327 Mass. 150, 152.

Finally, it is obvious that this report does not comply with Rule 31 of the Rules of the Municipal Court of the City of Boston in that it does not contain any statement to the effect that it contains "all the evidence material to the questions raised" and further while claiming to be aggrieved by the denial of a request for ruling No. 1, it does not report said request nor the action taken by the court in passing on it. "The report is fatally defective in this respect." *Irving v. Bonjorno*, 327 Mass. 516, 518.

Report dismissed.

Louis Feinstein, for the Plaintiff.

Franklin H. Flaschner, for the Defendant, on the issue of Estoppel