*Municipal Court of the City 'of Boston*

No. 457008

**GLORIA MALLOY**

v.

**AVON PRODUCTS CO., INC.**

(October 3 — November 25, 1958)

*Present:* Gillen, J. (Presiding), Barron and Roberts, JJ.

Case tried to *Adlow, C. J.*

*Roberts, J.* This is an action of contract and tort wherein the plaintiff seeks recovery for injuries caused by the use of a cologne stick purchased from the defendant. The

plaintiff alleged the breach of an implied warranty of fitness. The defendant pleaded general denial and contributory negligence.

A representative of the defendant sold the plaintiff a cosmetic known as "Avon Cotillion Cologne Stick" and the plaintiff applied the product to her body from time to time without ill effect from late December, 1956, until April 15, 1957. On this occasion the plaintiff said she dressed for work and rubbed the end of the stick on her throat and upper chest.

During the day she noted a mild irritation on her upper breast and that night she discovered that a piece or lump of the cologne stick had become lodged against her breast and was held there by her brassiere. The area thus covered was inflamed and sore and had become infected and she was later treated by a physician who testified that the infection was caused by "a piece of cosmetic becoming attached to the flesh in the manner described."

Neither the stick nor the holder appear to have been marked as an exhibit and we have no adequate picture or description of them excepting that the plaintiff while testifying was permitted to show how pieces of the stick could break away and fall to the bottom of the container and into the clothes. It was the contention of the plaintiff that in normal use the "tin prongs" which hold the stick to the container tended to break away pieces of the stick.

At the close of the evidence the plaintiff filed requests for rulings which were denied and the court found for the defendant.

[1.] During the argument of this cause it was brought to the attention of this court that the report did not comply with the provisions of Rule 31 of the Rules of the Municipal Court of the City of Boston, in that (1) the report does not state it "contains all the evidence material to the questions reported"; and (2) that in disposing of the plaintiff's requests the trial court made two specific findings of fact which were not included in the report.

In this latter respect Rule 31 provides that "such draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings upon which the party seeking the report has requested and now asks a rehearing by the Appellate Division, . . ." "The report is fatally defective in this respect." *Irving v. Bonjorno,* 327 Mass. 516, 518.

Under the circumstances it seems clear that this Division has no alternative but to dismiss the report. *Sutherland v. McGee,* 329 Mass. 530, 532; *Menton v. Melvin,* 330 Mass. 355, 357.

*Report dismissed.*

Gilmore G. Gessner of Boston, for the Plaintiff.

Charles S. Walkup, Jr. of Boston, for the Defendant.

## REPORTER'S NOTE

*Liability of Seller of Products For Use On the Human Body.*

A manufacturer or seller of a product for use on the human body which when so ap-

plied causes a harmful effect is liable to the user provided (1) the use made of it was normal and usual, (2) the user did not knowingly cause the harm, and (3) the user was not peculiarly susceptible to the particular harm. *Graham v. Jordan Marsh Co.,* 319 Mass. 690: "The burden was on the plaintiff to prove that the [*cold*] *cream* was unfit for use by a normal person. She could not prevail by showing that it was merely unfit for use by one who was constitutionally unable to use *cold cream* because of supersensitive skin." *Carter v. Yardley & Co. Ltd.,* 319 Mass. 92 (Leading case. Manufacturer of perfume liable to consumer. Illuminating opinion by Justice Henry T. Lummus). *Payne v. R. H. White Co.,* 314 Mass. 63, 67 (Dress); *Kuriss v. Conrad & Co., Inc.,* 312 Mass. 670 (Dress caused dermatitis); *Rogiers v. Gilchrist Co.,* 312 Mass. 544; *Bruno v. Jordan Marsh Co.,* 305 Mass. 437, 445; *Bianchi v. Denholm & McKay Co.,* 302 Mass. 469 (Face powder); *Smith v. Denholm & McKay Co.,* 288 Mass. 234, 241; *Idzykowski v. Jordan Marsh Co.,* 279 Mass. 163; *Weiner v. D. A. Schulte, Inc.,* 275 Mass. 379; *Lalime & Partridge, Inc. v. Hobbs,* 255 Mass. 189; *Learned v. Hamburger,* 245 Mass. 461, 473; *Ireland v. Louis K. Liggett Co.,* 243 Mass. 243; *Wright v. Carter Products Co.,* 244 F2d 195; *Merrill v. Beaute Vues Corp.,* 235 F2d 893; *Jacquot v. Wm. Filene Sons Co.,* 337 Mass. 312, (Artificial finger nail kit); S.C. 9 LEGALITE 173; *Longo v. Touraine Stores, Inc.,* 319 Mass. 727 (Kid gloves); *Khouri v. Wm. Filene*

*Sons Co.,* 11 Mass. App. Dec. 38; *Bradt v. Hollaway,* 242 Mass. 446 (Dyed fox skin. No. lia.) ; *Taylor v. Jacobson,* 336 Mass. 709 (Hair dye) ; *Giberti v. James Barrett Co.,* 266 Mass. 70; Cases collected in B.U. Law Rev. (1949) ; *Lewis v. Conrad & Co.,* 311 Mass. 541 (Dress).

A manufacturer or seller of a product designed to be used upon human skin which product contains a known irritant to some persons' skins is liable for the harm that results to a person from its intended use. *Bianchi v. Denholm & McKay Co.,* 302 Mass. 469, 473.

"It is enough if a sufficient number are susceptible so that the [the manufacturer or seller] ought to have known and recognized the danger of injury and ought to have guarded against it." *Taylor v. Newcomb Baking Co.,* 317 Mass. 609, 611, quoted in the *Yardley Case,* page 94. Knowledge of unfitness on the part of the manufacturer or seller need not be shown. *Bianchi v. Denholm & McKay Co.,* 302 Mass. 469, 474.

The nature and contents of the article and its injurious character need not be proved by direct evidence or by analysis where the results which its use produces sufficiently disclose its qualities and composition so as to warrant an inference of its harmful character. *Watson's Case,* 322 Mass. 581, 583, 584 (Benzol in paint thinner) ; *Kuriss v. Conrad & Co., Inc.,* 312 Mass. 670, 674; *Holt v. Mann,* 294 Mass. 21 (Cold cream).