*Southern District*
### LINDA GOODWIN, P.P.A.
v.
### SHOPPERSTOWN LIVERY SERVICE, INC.
and
### FRANCIS DUNDERDALE

*Present*: Nash, P. J., Cox & Murphy, JJ.

Case tried to *Casey, J.* in the District Court of East Norfolk (Quincy). No. 24619.

*Cox, J.* This action of tort arose out of a collision of automobiles at the intersection of Palmer Street and Beebe Road, in the City of Quincy.

There was a finding for the plaintiff in the sum of $100.00 for damage to her automobile.

The corporate defendant claiming to be aggrieved, the judge reported the following rulings for our determination:

1. Allowing the plaintiff to express her opinion as to the value of her automobile before and after the accident.

2. Allowing testimony by a witness called by the plaintiff relating to a sign governing the speed of vehicles on Palmer Street, because it did not appear that the sign had been erected in accordance with G. L. c. 85, §2 and G. L. c. 90, §18.

3. Whether the judge's finding for the plaintiff was inconsistent with rulings

which the judge had made at the defendant's request.

■ There was no error in allowing the plaintiff to express her opinion of the value of her automobile before and after the accident.

The plaintiff, a girl 17 years of age, testified that she was the owner and operator of a 1951 Chevrolet sedan which she had bought six months before the accident and which she had used since its purchase. The accident occurred on April 25, 1962. She was allowed to express her opinion that her automobile had a fair market value of $200.00 immediately before and $25.00 immediately after the accident.

"The market value of land or chattels may usually be given by their owners not because they are the owners but because, due to their ownership and possession, they have acquired such familiarity with the subject as to enable them to give an intelligent estimate of their value. Whether they are so qualified is a preliminary question for the decision of the trial judge." The plaintiff's ownership and use of the automobile for six months before the accident were sufficient to warrant the admission of her opinion by the trial judge. *Willey v. Cafrella,* 336 Mass. 623, 624 (Automobile). See also: *Menici v. Orton Crane & Shovel Co.,* 285 Mass. 499 (Shovel) ; *Tosches v. Sherborn,* 341 Mass. 360 (Automobile).

■ There was no error of law in permit-

ting a police officer to describe the location and content of a sign governing the speed of vehicles on Palmer Street. "Even though the sign was not authorized by law, and was not legally binding upon motorists, it was one of the circumstances in the light of which the conduct of (the defendant's driver) was to be judged." *Burgess v. Giovannucci,* 314 Mass. 252, 255. See also: *Reardon v. Marston,* 310 Mass. 461, 463; *Salvato v. DiSilva Transportation Co., Inc.,* 329 Mass. 305, 310; *Woodcock v. Trailways of New England, Inc.,* 340 Mass. 36, 42.

The plaintiff was travelling on Palmer Street. The testimony was conflicting as to the signal she gave indicating a right turn. The testimony in her favor was that she put on her right directional signal indicating her intention to make a right turn and was struck in the process of making that turn. The testimony adverse to her was that her left directional light was used and that she "pulled to the left side of Palmer Street, and then without warning made a right turn into Beebe Road." The left front of the defendant's automobile struck in the area of the right rear door of the plaintiff's automobile.

Clearly the judge could accept the plaintiff's version and reject that of the defendant's witnesses. *Salvato v. DiSilva Transportation Co., Inc.,* 329 Mass. 305, 310, 311. The point the defendant urges is that having allowed, *as warranted* by the evidence, the defendant's requests for rulings based on the defendant's

contention relative to the turn, the judge was in error in finding for the plaintiff. The judge denied the defendant's request that the defendant's evidence *required* a finding of negligence on the plaintiff's part.

The contention that the finding for the plaintiff was inconsistent with rulings made by the judge may be disposed of by observing that the point is not here open to the defendant. The defendant's only remedies in that connection were a motion to correct the ruling or a motion for a new trial. *Biggs v. Densmore,* 323 Mass. 160; *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

As a matter of fact we see no inconsistency between the rulings and the finding for the plaintiff. Where the evidence was conflicting the judge could properly allow requests that the evidence *warranted a finding* for the defendant and *then find* for the plaintiff. There being evidence on the point in controversy favorable to the plaintiff, the judge could not rule that a finding was required that the plaintiff was negligent. *Perry v. Hanover,* 314 Mass. 167, 169-170. The judge followed accepted practice in ruling that although the evidence *warranted* a decision for the defendant he, nevertheless, chose to base his finding on evidence favorable to the plaintiff. *Bresnick v. Heath,* 292 Mass. 293, 298-299; *Hoffman v. Chelsea,* 315 Mass. 54; *Liberatore v. Framingham,* 315 Mass. 538; *Brodeur v. Seymour,* 315 Mass. 527; *Ric-*

*ciardone v. Carvelli,* 334 Mass. 228; *Quality Finance Co. v. Hurley,* 337 Mass. 150.

There being no error of law in the rulings complained of an order should be issued *dismissing the report.*

Joseph G. Prone, of Quincy, for the Defendant.