*Northern District*
A.D. No. 5931
**JAMES J. MOORE, INC.**
v.
**EDWARD H. NAHIGIAN ET AL**
Filed September 4, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Feloney, J.* in the Third District Court of Eastern Middlesex. No. 2433 of 1963.

*Eno, J.* This is an action of contract in which the plaintiff seeks to recover upon an account annexed for services, labor, and materials provided by the plaintiff to the defendant, who answered by a general denial.

This report is most irregular in that there is no report whatsoever of the evidence introduced at the trial of the case as required by Rule 28 of the Rules of District Courts and the Draft Report Model annexed to these rules.

There being no reported evidence, the required statement that the report includes all the evidence material to the issues reported is also admitted. *Cincevich v. Patronski,* 304 Mass. 679; *Irving v. Bonjorno,* 327 Mass.

516, 518; *Sutherland v. McGee,* 329 Mass. 530, 532; *Menton v. Melvin,* 330 Mass. 355, 357.

The defendant filed nine requests for rulings which were all allowed except requests numbered 8 and 9.

The defendant claims to be aggrieved by the court's rulings on request number 5, and also because the finding for the plaintiff is inconsistent with the general findings of facts.

Said request number 5 was as follows:

"5. Where one person contracts to perform certain services for another, intended to produce a result known to both parties, and the services, though performed, fail to produce the intended result, the services were not performed in a workmanlike and adequate manner."

It was allowed by the judge who added the following statement:

"However, I do not find that the services performed by the plaintiff failed to accomplish the purpose requested by the defendants."

Since this request was allowed the defendants were not prejudiced thereby, and the only question raised by them therefore is whether there is any inconsistency in the judge's finding for the plaintiff and his ruling on this request and his other findings of facts.

The allowance of the ruling in question and the finding for the plaintiff were perfectly consistent. *Marquis v. Messier,* 303 Mass. 553, 556.

But even if there were an inconsistency in the ruling on this request and the judge's other findings of facts, the question cannot be raised in this manner.

The defendants should have filed a motion for a new trial or a motion to correct the alleged inconsistencies, then, if the court denied either motion, the defendants could have claimed a report on that ruling and preserved their right to have it reviewed by this Division. *Raytheon Mfg. Co. v. Indemnity Insurance Co. of N. A.,* 333 Mass. 746, 749; *Di Lorenzo v. Atlantic National Bank,* 278 Mass. 321, 323, 324; *Godfrey v. Campbell,* 321 Mass. 161, 162; *Kelsey v. Hampton Court Hotel Co.,* 327 Mass. 150, 153; *Viera v. Balsamo,* 328 Mass. 37, 39.

*The report is to be dismissed.*

Thomas M. Leahy, of Stoneham, for the Plaintiff.

Gregory H. Adamian & John A. Gledhill, of Cambridge, for the Defendants.