*Southern District*

## JAMES MEGLEY

v.

## FRANK SMITH

*Present:* Nash, C.J., *Owen, Murphy, J.J.

Case tried to *Colten, J.*, in the Municipal Court of Brookline. No. 835 of 1966.

*Owen, J.* This is an action of tort in which the plaintiff seeks damages for personal in-

juries alleged to have been caused by the negligent operation of a motor vehicle by the defendant. The defendant was defaulted for failure to answer and the plaintiff marked the case for an assessment of damages on September 27, 1966. On September 27, 1966 the defendant appeared at the hearing and presented an oral motion to remove the default and file an answer. This motion was allowed by the court and an answer was filed that day. The court then set the case for trial for the following Tuesday, October 4, 1966 with no objection from the plaintiff.

*There was evidence at the trial that* the plaintiff was operating a taxi in which there was a passenger. The plaintiff arrived at an intersection, the traffic signal was green and the plaintiff proceeded into the intersection; at this time the plaintiff observed a motor vehicle on his right alleged to be driven by the defendant. The defendant did not stop at the intersection but drove into the right side of the plaintiff's vehicle and the plaintiff collided with a third automobile which was stopped at the intersection facing in the opposite direction to which the plaintiff was proceeding. After the accident the plaintiff asked the defendant for his registration and he answered he did not have it. The plaintiff was asked on direct examination "Did you obtain the defendant's registration?" The plaintiff did not answer the question.

The defendant filed ten requests for rulings

nine of which raised the question of failure to prove identity of the defendant. The report does not show whether or not any action was taken by the court on these requests for rulings.

The court found for the defendant.

The plaintiff duly filed a motion for a new trial for the reasons that:

"1. The trial justice denied the plaintiff the opportunity for a proper hearing.

2. The finding for the defendant is against the evidence.

3. The finding for the defendant is against the weight of the evidence.

4. The finding for the defendant is against the law."

This motion was disallowed by the court and the plaintiff claimed a report.

. The plaintiff seeks to raise for the first time in his brief questions as to whether the court violated Rule 14 and Rule 23 of the District Courts when it removed the default on oral motion and assigned the case for trial. There is no merit to this argument since both rules plainly allow the court discretion to take such action.

 The plaintiff further indicates for the first time in his brief that evidence was wrongfully excluded at the trial. If there was any merit to this contention the plaintiff lost his right to complain now by neglecting to claim a

report at the time of trial. Rule 27 of the District Courts.

 The report itself is fatally defective since it does not include as required by Rule 28 of the District Courts the statement that "This report contains all the evidence material to the question reported." *Irving* v. *Bonjorno,* 327 Mass. 516 and cases cited, *Malloy* v. *Avon Products Co. Inc.,* 16 Mass. App. Dec. 188, *Cincevich* v. *Patronski,* 304 Mass. 679.

**The report is dismissed.**

MILTON D. KLEIN
 for plaintiff of Brookline
AVERY DOOLEY, POST & AVERY
 for defendant of Boston