BEE & BEE REALTY CORPORATION *vs.* BAY STATE FEDERAL SAVINGS AND LOAN ASSOCIATION & others. April 30, 1971. This is an appeal by the plaintiff under G. L. (Ter. Ed.) c. 231, § 96, from an order of the Superior Court sustaining demurrers to each of the five counts of its amended declaration filed by leave of court after the sustaining of the defendants' demurrers to the original declaration. Although the court expressly granted leave to file a third declaration, the plaintiff elected not to do so. This action stems from efforts by the plaintiff to secure a loan from the defendant bank for the construction of a shopping center. By its amended declaration the plaintiff attempts in two counts to allege separate causes of action in contract against the bank and its president for the alleged breach by each of their respective oral agreements that the bank would loan the plaintiff the sum of $947,000. The plaintiff attempts in two other counts to allege separate causes of action in tort for deceit against the bank and its president on the ground that when they made their agreements that the bank would loan the plaintiff $947,000 they knew that the loan would not be made. These two counts contain conclusory allegations of "fraudulent and deceitful" representations made by these two defendants intending the plaintiff to rely on them, and the reliance on them by the plaintiff to its damage. The plaintiff then attempts in a fifth count to allege a cause of action in tort for deceit against the bank, its president and its treasurer on the ground that they "conspired with one another" to make the same alleged "fraudulent and deceitful" representations which are described above. Each count includes some reference to alleged wrongful action by the defendants, or some of them, in procuring from the plaintiff a general release of any liability by them to the plaintiff in connection with earlier negotiations for a similar loan. The defendants allege from nine to twelve grounds of demurrer to each count separately. In sustaining the demurrers the court did not identify or specify the grounds for its action. We need not speculate on the precise ground or grounds for such action, provided the action was correct on any of the multiple grounds alleged in the demurrers. We hold that it was. Each count was demurrable for the basic reason that it did not comply with the requirement of G. L. (Ter. Ed.) c. 231, § 7, Second, that it "state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." It is thus unnecessary to consider the additional grounds alleged. *Fleming* v. *Dane,* 304 Mass. 46, 51. *Barnett* v. *Boston Legal Aid Soc.* 304 Mass. 679. The orders sustaining the demurrers are affirmed as to all counts.

*So ordered.*

*Neil Sugarman* for the plaintiff.
*James Levensohn* for the defendants.