*Municipal Court of the*
*City of Boston*
No. 266752

## DAVID G. WARD

### v.

## GERALD H. DOUCETTE

Argued: June 2, 1973   Decided: Sept. 5, 1973

*Present:* Adlow, C.J., Gillen, J., Gorrasi, Spec. J.

Case tried to *DeGuglielmo, J.*

**Gorrasi, Spec. J.** This is an action of contract to recover $1,650.00 for monies had and received by the defendant for the plaintiff's use. The answer is a general denial.

**At the trial there was evidence tending to show that** the defendant, who was the owner of a piece of property, entered into an oral agreement with the plaintiff to sell the land for $3,500.00 to be paid by the plaintiff in monthly payments of $50.00 until the total purchase price was paid. The plaintiff made monthly payments amounting to $1,650.00. For three months the plaintiff stopped payments and then, through his attorney by a written communication, informed the defendant,

> "We hold in our hands receipts in the amount of $1,650.00 for payments made

on account of the purchase of said land, and we are presently ready to pay you the balance of $1,850.00 towards the purchase price of $3,500.00 agreed upon. Please prepare a deed to Daniel G. Ward (Plaintiff) of the land in question and name the date when you wish the cash because it is available at any time you wish.''

At the request of his attorney, the defendant executed and delivered a deed to his attorney running to the plaintiff.

On the above summary and other evidence the trial judge made the following findings of fact:

''On or about November 30, 1967, the defendant was the owner of a vacant lot of land at 23 Mount Vernon Street, Brighton, Massachusetts. The parties at this time were brothers-in-law. The plaintiff was desirous of purchasing the vacant lot chiefly because it was contiguous to his home at 21 Mount Vernon Street in Brighton. The defendant was not adverse to selling to the plaintiff. The parties agreed on a purchase price of $3,500.00.

''After several efforts to secure financing from financial institutions by the plaintiff, and being unsuccessful in obtaining the financing, the parties agreed that the defendant would allow the plaintiff to use the land for his exclusive purposes. It was further agreed that the plaintiff would pay the defendant the sum

of fifty ($50.00) dollars per month until the sum of Three Thousand Five Hundred ($3,500) dollars was paid, at which time the defendant agreed to deliver a deed to the land in question to the plaintiff. From time to time the plaintiff, at irregular intervals, paid to the defendant various sums of money totalling one thousand six hundred and fifty ($1,650.00) dollars, the last such payment being March 30, 1970.

"On July 20, 1970, by his counsel, the plaintiff asked for the deed and stated that he was prepared to pay the balance due. This communication was referred by the defendant to his attorney.

"In February 1971, at the request of his attorney the defendant executed and delivered a good and sufficient deed to his attorney running to the plaintiff. There was no evidence of tender of the balance of one thousand eight hundred and fifty ($1,850.00) dollars from the plaintiff to the defendant.

"On the foregoing findings I find for the defendant."

At the close of the evidence the plaintiff filed requests for rulings which were disposed of, as follows:

"1. There is sufficient evidence to warranc the Court to find for the plaintiff. *Denied.*"

2. The evidence requires a finding for the plaintiff. *Denied.*

3. A receipt may be explained by parol evi-

dence. *Allowed.*

4. The court should find that there was a breach of contract by the defendant in failing to furnish to the plaintiff a deed as requested within a reasonable time. *Denied. See findings of fact.*

5. The plaintiff is entitled to the return of his money for the breach thereof, if the defendant was not ready, willing and able to perform its part of the contract to execute a deed in favor of the plaintiff for refusal constitutes a breach of contract and excuses the plaintiff from further performance. *Denied. See findings of fact.*

6. In the absence of a specific agreement for liquidated damages in the event of a default, in order for the defendant to retain a deposit, he must show actual damages by such default of the plaintiff. *I do not find that money was paid as a deposit.*

7. The Defendant cannot retain any of the deposit money in excess of damages for any breach of the plaintiff. *I do not find that money was paid as deposit."*

The court made a finding for the defendant.

The plaintiff seasonably filed a Motion for a new trial, as follows:

"The plaintiff respectfully moves this court for a new trial for the reason that the court's rulings on the plaintiff's request for rulings are inconsistent with the court's findings of fact."

At the hearing on the motion for new trial, the plaintiff filed the following requests for rulings:

"1. That the monthly payments were installments towards the purchase price and were actually deposits towards the purchase price.

2. That there was no evidence that the deed had been tendered to the Plaintiff or his attorney.

3. That the finding of fact that there was no deposit made on account of the purchase of the land is inconsistent with the finding of the court that "It was further agreed that the plaintiff would pay to the defendant the sum of $50. per month until the sum of $3,500.00 was paid, at which time the Defendant agreed to deliver a deed to the land in question to the Plaintiff.""

The action of the court on the plaintiff's motion for a new trial and the plaintiff's request for rulings was "Denied."

There was no error in the finding for the defendant and no error in the denial of the motion for a new trial and requests for rulings.

The record shows that after the plaintiff entered into the agreement he paid the equivalent of $50.00 a month, from November 30, 1967 up to and including March 1970 a total of $1,650.00. The plaintiff breached the

agreement by his failure to make monthly payments on and after April 1970.

The plaintiff's communication to the effect that the defendant prepare a deed running to the plaintiff, and that the plaintiff was ready to pay the balance of $1,850.00, must be considered as a proposal to revive the agreement. It became the obligation of the plaintiff to tender the balance. The actions of the plaintiff did not constitute a tender. To constitute a valid tender the money must be actually produced and offered to the person who is entitled to receive it. It should be shown to the person to whom it is tendered. There must be an actual production of the money unless such production be dispensed with by the declaration of the party to whom it is due that he will not receive it, or by some equivalent declaration or act. A mere offer to pay or a statement that the party has the money and is ready and willing to pay, without actual production of it, is not sufficient to constitute a valid tender. The rule so stated is recognized and adopted by this court and prevails in many other jurisdictions. *Mondello* v. *Hanover Trust Co.*, 252 Mass. 564-567, and cases cited.

The refusal to grant a new trial is not open to request for report. It is addressed to the discretion of the trial judge and no request for report lies unless there is a plain abuse of judicial discretion. *Bartley* v. *Phillips,* 317 Mass. 35-42.

There was no error. **Report dismissed.**

Samuel Newman
   for the Plaintiff

James F. McLaughlin
   for the Defendant