*Northern District*

No. 8117

## FRANK J. WILICH d/b/a HAMPSHIRE TEACHER'S AGENCY

v.

## DIANE M. KWIECKINSKI

Argued: Nov. 29, 1973 - Decided: Jan. 24, 1974

*Present:* Cowdrey, P.J., Bacigalupo, Flynn, JJ.

Case tried to *Jodrey, J.,* in the District Court of Eastern Essex: Docket Number: 21419.

**Flynn, J.** This is a petition by the defendant to establish a report. The report and the petition to establish the report must be dismissed for failure to comply with several of the provisions of the Rules of the District Courts. (1965)

Although the draft report does contain a statement that "this report includes *by incorporation* all matters necessary to present the questions of law reported," such a statement is not the equivalent of the statement required under the Draft Report Model of Rule 28 that, "this report contains all the evidence material to the question reported." *Irving* v. *Bonjorno,* 327 Mass. 516. *McKin* v. *Siegel,* 256 Mass. 269. *Perry* v. *Hanover,* 314 Mass. 167.

Furthermore, Rule 28 states that the report should include by incorporation and not merely by reference, all matter necessary to present the question of law reported. The defendant's report is based upon the trial justice's over-ruling her plea in abatement, which apparently was to the jurisdiction of the Massachusetts District Courts to entertain an action by the plaintiff on a judgment in contract previously rendered by the New Hampshire Superior Court in Rockingham County, New Hampshire. The defendant's report is also based upon the allowance by the trial justice of a motion by the plaintiff for immediate entry of judgment based upon an affidavit of no defense. The defendant filed a counter-affidavit but failed to appear at the hearing upon the plaintiff's motion. The defendant makes reference in her report to both the answer in abatement and the affidavit of defense but has failed to incorporate these necessary matters into the report.

The defendant's petition to establish her report, moreover, does not conform to the provisions of Rule 30 of the Rules of the District Courts (1965) which relates to the Establishment of Reports.

The last paragraph of the defendant's petition contains the following language: "I hereby swear under the pains and penalties that the above is true and correct, by the best of my knowledge and belief" (signed) By her attorney, Ellsworth T. Johnson.

Such a statement is not sufficient. A petition to establish a report is *strictissimi juris*. The petition in this case contains no allegation that the draft report sought to be established conforms to the truth and there is no equivalent allegation. The facts that the petition itself is verified by oath and that it contains allegations pertinent to the report is not enough. The draft report contains statements not contained in the petition to establish it and so not verified by the oath at the end of the petition that the allegations contained in the petition are true. And conversely, there is nothing under oath in the petition to show that the draft report contains all that it ought to contain to make it a fair and just report that is conformable to the truth. *Lasell* v. *Director of the Division of Employment Security,* 325 Mass. 23.

Even though the draft report was annexed to the petition and the petition states it is made "part hereof," the petition does not contain an unequivocal allegation supported by an unequivocal affidavit, that the draft report conforms to the truth. *Cook* v. *Kozlowski,* 351 Mass. 708.

Although the trial justice also submitted a report, subsequent to the disallowance of the defendant's report but prior to the filing by the defendant of her petition to establish her report, the same was not necessary and will be disregarded. *Kilroy* v. *Joyce,* 6 Mass. Appellate Decisions 45.

Although the docket contains no entry of disallowance of the defendant's report the parties agreed at the hearing before this Division that a final hearing on the report was held on June 26, 1973 and, since neither the report was allowed nor the claim for report disallowed by the trial justice within thirty days thereafter, the claim for report is deemed to be disallowed under Rule 28.

The defendant's petition to establish her report was filed on August 6, 1973 and although this date appears to be well beyond the five day period within which a petition to establish a report should be filed under Rule 30; nevertheless because the docket fails to indicate that the claim for report had been disallowed and the parties notified thereof, we rule that the filing on August 6, 1973 of the defendant's Petition to Establish Report was timely. **The petition is dismissed.**

RALPH C. GOOD, JR., of Medfield
   for the Plaintiff
ELLSWORTH T. JOHNSON, of Gloucester
   for the Defendant