*Municipal Court of the
City of Boston
for Civil Business*

No. T-27811

**JOHN F. SWEENEY**

v.

**CHECKER TAXI COMPANY, ET AL**

Argued: May 24, 1974 - Decided: Sept. 6, 1974

*Present:* Glynn, J. (Presiding), Canavan, De-
Guglielmo, JJ.

Case tried to ————, *J.*

**Canavan, J.** This is an action of tort to
recover for personal injuries due to the negli-
gent operation of a motor vehicle owned by
the defendant, Checker Taxi Company, and
operated by its agent, servant or employee.
The answer contained a general denial, lack
of agency and other defences not relevant to
this appeal.

At the time of trial the defendant Thomas
Kelley, the alleged operator of the taxi, was
defaulted and damages were assessed. The

defendant Checker Taxi Company was not defaulted and the case was tried on the merits as to Checker Taxi Company.

**At the trial there was evidence tending to show that** on December 21, 1970 the plaintiff entered a taxi at Fields Corner in Dorchester in order to go to a shopping center on Morrissey Boulevard. He testified the taxi was yellow in color and had the words "Checker Taxi" written on it. He also observed a number which read "Cab 191".

During the course of travel from Fields Corner to Morrissey Boulevard the taxi was involved in a collision with another vehicle. At the time of the collision the taxi was operating on the wrong side of the road. As a result of the collision the plaintiff sustained personal injuries, and before leaving the scene he gave the driver of the taxi his name and address. Shortly thereafter the plaintiff received, at his home address, a letter together with a witness blank requesting information about an accident on December 21, 1970. The letterhead read "Checker Taxi Company" and was introduced into evidence for the limited purpose of showing that it was received by the plaintiff.

At the close of the evidence and before final argument the defendant filed requests for rulings which were denied, and the court found for the plaintiff.

Prior to argument of this cause, the plaintiff presented a written motion to dismiss the

defendant's claim for report and appeal for the reason that the defendant failed to comply with the provisions of Rule 33 of the Municipal Court of the City of Boston in that it failed to file seasonably its briefs and the required copies of the draft report.

During argument it was brought to the attention of the court that the report did not comply with the provisions of Rule 31 of the Rules of the Municipal Court of the City of Boston, in that the report does not state it "contains all the evidence material to the questions reported."

Without considering the plaintiff's written motion to dismiss the defendant's claim for report and appeal for failure to comply with the provisions of Rule 33 of the Municipal Court of the City of Boston, we are of the opinion that the report itself is fatally defective since it does not include as required by Rule 31 of the Municipal Court of the City of Boston the statement that "this Report contains all the evidence material to the questions reported". *Irving* v. *Bonjorno,* 327 Mass. 516. *Perry* v. *Hanover,* 314 Mass. 165, 169. *Cincevich* v. *Patronsky,* 304 Mass. 679. *Megley* v. *Smith,* 37 Mass. App. Dec. 228.

**Report dismissed.**

H. M. FORMAN
  for the Plaintiff
P. J. McDONALD
  for the Defendant