Forde, J.
The defendant, Canac of Boston, Inc. (Canac), appeals from a final judgment entered against it after a trial which took place on March 5 and April 2, 1998.[2] Defendant seeks a reversal of that judgment. We affirm.
The evidence of record indicates that this dispute arose over a disagreement as to the style and composition of kitchen cabinets ordered by the plaintiffs, Roy and Carol Teague, as part of a kitchen renovation contract with the defendant. The defendant submitted a written bid proposal which, when accepted and signed by the plaintiffs on August 8,1995, became the written contract between the parties. The total cost of the renovation recited in the bid proposal was $21,320.00. The cabinets at issue in this dispute were valued at $10,700.00.
Both plaintiffs testified at trial, as did Mr. Roy McPherson (McPherson), the president of the defendant company, Canac. It was undisputed that McPherson and the plaintiffs met on several occasions before the contract was signed to discuss the details of the renovation. The cabinets were described in the written contract simply as “Malibu/Belair maple in natural finish.” No additional terms were provided in the written contract which described the style or composition of the cabinets. It was undisputed that the cabinets delivered to the plaintiffs’ condomin *109 ium had white interiors.
At the heart of this dispute is the plaintiffs’ claim that they explicitly told McPherson they wanted cabinets of solid maple wood construction and that they did not want cabinets with white interiors. This is the basis upon which the plaintiffs sought recovery. The plaintiffs’ complaint contained five counts: (1) breach of oral contract, (2) breach of written contract, (3) fraud, (4) breach of implied covenant of good faith and fair dealing, and (5) violation of G.L.c. 93A, §9. The defendant (through McPherson) answered that the cabinets Canac delivered to the plaintiffs were precisely the kind they had been shown prior to signing the contract, and that the Teagues were fully aware that they had ordered wood veneer cabinets with white melamine interiors. The defendant brought a counterclaim seeking recovery of $4,456.00, which remained unpaid under the written contract between the parties.
After the cabinets were delivered and installation had begun, the plaintiffs telephoned McPherson and objected to the cabinets. A compromise could not be reached and the plaintiffs refused to allow the defendant’s agents to complete the installation of the cabinets. The trial judge issued written findings of fact after trial. He found that
[t]he plaintiffs have been in possession of the cabinets since the time the defendant delivered them on November 28,1995. On the day following the cabinets’ delivery, the plaintiffs asked the defendant to take the cabinets back. The defendant declined to do so.
Neither party disputed the fact that the August 8, 1995 contract was the sole written expression of their agreement, nor was there any dispute that the bid proposal had been prepared by McPherson. Both parties, however, offered different interpretations of the contract’s description of the cabinets as “Malibu/Belair maple in natural finish.” The trial judge resolved the conflict, at least in part, by applying a well-established rule of contract construction: the Court found that “the contract was silent as to the cabinets’ interior finish” and added that “[a]s such, the contract is construed against its maker, the defendant.”
During the trial, the judge allowed a motion by the defendant for a directed finding on the plaintiffs’ claim of breach of oral contract. After trial the judge found for the plaintiffs on their claims for breach of written contract, breach of implied covenant of good faith and fair dealing, and violation of G.L.c. 93A, §9, and entered judgment on these claims in the amount of $10,700.00.[3] The judge also awarded attorney fees pursuant to G.L.c. 93A, §9(4), in the amount of $5,000.00. The trial judge found for the plaintiffs on the defendant’s counterclaims.
As noted above, the trial judge issued written findings of fact. Although the defendant submitted thirteen requests for rulings of law at the close of evidence, the trial judge correctly ruled that nine of those requests were in essence findings of fact which required no response. See Stella v. Curtis, 348 Mass. 458, 461 (1965). Represented by new counsel on appeal, the defendant does not challenge the trial judge’s decisions on its requests for rulings. Instead, the defendant presents eight issues of law for review, only one of which requires comment as the remaining seven are unrelated to any ruling of law requested by the defendant at trial. See Wesley v. Marsman, 393 Mass. 1003 (1984) (where appellant’s arguments are not focused on judge’s decisions on requests for rulings, much of what is argued on appeal is beside the point for purposes of appellate review). Moreover, the issues brought by the defendant on appeal all involve questions of fact. The right of appel *110 late division review “is given only to a party... aggrieved by any ruling on a matter of law.” G.L.c. 231, §108; see also Bartley v. Phillips, 317 Mass. 35, 42 (1944).
The single issue we review relates to the trial judge’s allowance of the motion for directed verdict on the plaintiffs’ claim of breach of oral contract. The defendant argues that it was “inconsistent” for the judge to have allowed the motion for directed verdict on the plaintiffs’ claim of breach of oral contract and to have found for the plaintiffs on their claim for breach of written contract where “the plaintiffs’ assertion of a breach was based on alleged faults in the composition of cabinets ... allegedly contracted for orally.”
As an initial matter, a party seeking review of a claimed inconsistency between a judge’s general finding and action taken on a ruling of law must bring the issue before the trial judge as a motion to correct the inconsistency, or by a motion for new trial. Deane Building Associates, Inc. v. Bruffe, 47 Mass. App. Dec. 78 (1971); James J. Moore, Inc. v. Nahigian, 29 Mass. App. Dec. 170 (1964); Goodwin v. Shopperstown Livery Serv. Inc., 29 Mass. App. Dec. 8 (1964); Ward v. Doucette, 51 Mass. App. Dec. 66 (1973). Nevertheless, we do not hesitate to add that we perceive no inconsistency in the allowance of the motion for directed verdict on the plaintiffs’ count of breach of oral contract. It is plain from the record that both parties attached different meanings to the term “Malibu/Belair maple in natural finish,” provided in the written contract. It was the task of the trial judge to determine the intention of the parties. Louis Stoico, Inc. v. Colonial Development Corp., 369 Mass. 898 (1976); deFreitas v. Cote, 342 Mass. 474 (1961); Emery v. Crowley, 371 Mass. 489 (1976).
In circumstances where the meaning of an essential term in a written contract is in doubt, and it is undisputed that one party drafted the written contract and that the other merely assented to its terms, the judge is warranted in applying the well-established rule of interpretation that a written instrument is construed strongly against the party who drew it. See Davis v. Dawson, Inc., 15 F. Supp. 2d 64, 108 (D. Mass. 1998); Merrimack Valley Bank v. Baird, 372 Mass. 721 (1977); Bowser v. Chalifour, 334 Mass. 348 (1956). We see no inconsistency in the allowance of a directed verdict on the plaintiffs’ count of breach of oral contract.
The judgment for the plaintiffs is affirmed.

 We infer from the submission of a complete transcript of the trial in the record appendix that appellant brings this appeal on the record of the proceedings pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8C.

 On the Chapter 93A claim, the court found injury but awarded only single damages.